SHORES, Justice.
This appeal is from a summary judgment granted for the defendants in an action by a real estate agent for his commission under an exclusive-right-to-sell agreement. We affirm.
One of the defendants, Conlon-Tanner Corporation, owned the land. It entered into a six-month agreement with Lagman Realty and Mortgage Company, another of the defendants, on April 28, 1980. Under this agreement, Lagman Realty was given the exclusive right to sell a shopping center known as “The Village,” located in Daphne, Alabama. The agreement contained the following clause: “If during the existence of this contract the property is sold by you, or me/us, or anyone else ..., I/we agree to pay you a commission as stipulated....” Prior to entering the agreement with Lag-man Realty, the owner, Conlon-Tanner, had a similar agreement with Triple Crown Realty. That agreement was cancelled by Conlon-Tanner on April 2, 1980. At that time, Triple Crown notified Conlon-Tanner of the imminent possibility of a sale to its client Jay Altmayer and Son. Conlon-Tan-ner acknowledged Triple Crown as the broker for prospective sale to Jay Altmayer and Son on May 2,1980. On June 18,1980, Altmayer and Conlon-Tanner closed the sale. The commission from the sale was paid to Triple Crown Realty.
The plaintiff, Church, was a real estate salesman for Lagman Realty during 1980. It was he who negotiated with Don Conlon *385 and Elton Tanner the listing agreement for Lagman Realty. He contends that he performed all the conditions precedent to the sales authority contract, and that he is entitled to a commission because of the sale to Altmayer, even, though Triple Crown handled that transaction.
The Alabama Real Estate License Law of 1951, § 34-27-1, et seq., Code of Ala. 1975, requires that a real estate salesman be licensed under a qualifying broker. A qualifying broker is held responsible, to the commission and to the public for the acts of each salesman licensed .under him. § 34-27-34(a)(2), Code of Ala. 1975. William Lagman was the qualifying broker for the Lagman Realty and Mortgage Company at all times relevant to this lawsuit. It was under the aegis of Lagman’s license that Church entered the agreement with Conlon and Tanner. Church, in his affidavit, states that when he negotiated with Conlon and Tanner, he was not informed of any reservation in favor of Triple Crown Realty. In an affidavit by Lagman in support of summary judgment, he stated that he, too, was unaware of the reservation of any prospective purchaser by Triple Crown. Lagman also stated that he made the decision not to pursue a commission from Con-lon-Tanner on the sale. Among the reasons for the decision was Lagman’s feeling that forcing Conlon-Tanner to pay a double commission would probably result in a lawsuit and ill will, both deleterious to the reputation of Lagman Realty.
Church contends that he should not be deprived of his commission based on the decision of Lagman. He cites Hale v. Brown, 211 Ala. 106, 99 So. 645 (1924), to illustrate the duty owed a real estate agent by his employer. The Court in Hale v. Brown held that an agent does have a cause of action against his principal if the principal, through “caprice or negligence,” declines to recover a commission. Hale v. Brown, 211 Ala. at 109, 99 So. at 647. There is nothing to indicate that Lagman’s decision was made capriciously. The Alabama Real Estate License Law admonishes licensees to avoid any act which “demonstrates bad faith, incompetency or untrust-worthiness or dishonest, fraudulent, or improper dealing.” § 34-27-36(28), Code of Ala.1975. Lagman was justified in deciding not to pursue a second commission from the owner.
Church also contends that he is a direct and intended third-party beneficiary of the contract between Lagman Realty and Conlon-Tanner, and therefore may recover his commission directly from Conlon-Tanner. It is not difficult to understand how Mr. Church would have benefited if Lagman Realty had received this commission. However, § 34-27-36(a)(12),[1] Code of Ala. 1975, states that “[ajccepting a commission or valuable consideration as a real estate salesman for the performance of any of the acts specified in this chapter from any person except the licensed real estate broker under whom he is licensed” is a ground for either suspension or revocation of a license. The clear meaning of this statute is that a real estate salesman may not collect his fee directly from his client. Each sale must be examined and authorized by a qualifying broker. The decision of Lagman, as the qualifying broker of Church, was reasonable and rational and results in no liability to Church.
There are no genuine issues of material fact; therefore, the trial court did not err in granting the summary judgment in favor of the defendants. Rule 56, Ala.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.

. Section 34-27-36 was amended by Act 85-750, effective May 29, 1985. The grounds for discipline that were included in § 34-27-36(a)(12) are in the new § 34-27-36(a)(14).